CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY L. FULLER,           ) | |
|     Petitioner,            ) | Civil Action No. 7:09-cv-00117 |
|                            ) | |
| v.                          ) | MEMORANDUM OPINION |
|                            ) | |
| WARDEN LORETTA KELLY,       ) | By: Samuel G. Wilson |
|     Respondent.            ) | United States District Judge |

Petitioner Rodney L. Fuller, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 convictions and sentence of seven life terms plus 53 years by the Pittsylvania County Circuit Court for multiple charges relating to a murder for hire. Fuller alleges that his plea was involuntary, his sentence is too "extreme," and that counsel provided ineffective assistance. The court finds that Fuller's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

### I.

Fuller pleaded guilty to two counts of first degree murder, three counts of capital murder, two counts of conspiracy to commit capital murder, one count of robbery, two counts of use of a firearm during a murder, one count of armed statutory burglary, and one count of use of a firearm during a robbery. On March 15, 2004, the Pittsylvania County Circuit Court sentenced him to seven life sentences plus 53 years. Fuller did not appeal. However, he did file a state habeas petition in the Supreme Court of Virginia on March 20, 2006. On October 18, 2006, and the court dismissed his petition and on March 8, 2007, the court denied his petition for rehearing. Fuller filed the instant federal habeas petition on March 25, 2009.

### II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment

of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Fuller did not meet this one-year statute of limitations. Fuller had 365 days from April 14, 2004, the date on which his conviction became final, to file his federal habeas petition. Fuller did not meet this April 14, 2005 deadline; in fact, by that date, Fuller had yet to file his state habeas petition.[2] Accordingly, Fuller's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Fuller has made no such demonstration.

Fuller argues that the statute of limitations should be tolled because he is "mentally and

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Fuller has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Fuller's conviction became final on April 14, 2004, 30 days after judgment was entered in his criminal case and his time to appeal expired.

[2] Fuller's one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Fuller no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).

2

educationally challenged" and these "disabilities," prevented him from grasping the "concepts, definitions, procedures, or legal theories" necessary to file his habeas petition; because he had limited access to the law library; and because he is incarcerated at Sussex I State Prison, a "strict 'controlled-movement' super-maximum security prison" which made preparation of his petition difficult due to complications in communication with his jail house lawyer. However, the court finds that Fuller's allegations are sufficient to warrant equitable tolling.

In United States v. Sosa, 364 F.3d 507 (4th Cir. 2004), the court stated that "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," and it concluded that Sosa's asserted condition -- schizoaffective disorder and generalized anxiety disorder -- did not rise to this level. Id. at 513. Consistent with Sosa, other circuits have concluded that in certain circumstances mental incapacity can warrant equitable tolling; however, those courts have also found that "mental incompetence is not a per se reason to toll a statute of limitations." McSwain v. Davis, 287 F.Appx 450, 456 (6th Cir. 2008) (citations omitted); see also Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001). Rather, to prove entitlement to equitable tolling, a petitioner "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." McSwain, 287 F.Appx at 456 (citations omitted). Thus, a bare assertion that a petitioner suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005). Similarly, proof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling. A petitioner must also allege facts sufficient to demonstrate the existence of "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing . . . ." Rios v. Mazzuca, 78 F.Appx 742, 743 (2d Cir. 2003) (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir.

3

2001)). Unfamiliarity with the legal process, lack of representation, or illiteracy does not ordinarily constitute grounds for equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). In this case, Fuller does not provide any support for his allegation that he is "mentally challenged" and he has not demonstrated how his alleged mental deficiencies affected his ability to timely file his petition. Therefore, the court finds that Fuller has not demonstrated grounds for equitable tolling.

Further, Fuller's bare allegations that he was denied access to adequate legal resources are not sufficient, standing alone, to entitle him to equitable tolling. Cannon v. Bazzle, No. 9:05-0753, 2005 U.S. Dist. LEXIS 44298 (D.S.C. Sept. 30, 2005). "Instead, a petitioner must present evidence regarding the steps he took to diligently pursue his remedies during the time that he was allegedly deprived of access to legal materials." Id. (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), cert. denied, 540 U.S. 971 (2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling), cert. denied, 535 U.S. 1055 (2002)); Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Further, prison conditions, such as lockdowns or misplacement of legal papers, are typically not grounds for equitable tolling. Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Despite being given the opportunity to amend his petition, Fuller has not demonstrated that he diligently pursued his claims. Accordingly, the court finds that Fuller has not demonstrated any grounds for to equitable tolling and, thus, his petition is untimely filed

## III.

For the reasons stated, the court dismisses Fuller's petition as untimely.

**ENTER:** This 15th day of June, 2009.

_____
United States District Judge